1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIK TWEDE, BARRY LONG, OLIVIA WILLIAMS, | |
| Plaintiffs, | No. |
| vs. | COMPLAINT |
| UNIVERSITY OF WASHINGTON, | |
| Defendant. | |

I.      INTRODUCTION ............................................................................................ 1

II.     PARTIES ....................................................................................................... 2

        A.      Erik Twede ........................................................................................ 2

        B.      Barry Long ........................................................................................ 6

        C.      Olivia Williams ................................................................................ 9

        D.      Defendant University of Washington ............................................. 12

III.    JURISDICTION ......................................................................................... 12

IV.     VENUE ...................................................................................................... 12

V.      FACTUAL ALLEGATIONS ..................................................................... 13

VI.     CAUSES OF ACTION .............................................................................. 18

        A.      Count I – ADA Title II Disability Discrimination ......................... 18

        B.      Count II – Rehabilitation Act Disability Discrimination ............... 20

        C.      Count III - Violation of WLAD ..................................................... 21

VII.    PRAYER FOR RELIEF ............................................................................. 23

## I.      INTRODUCTION

1.      Plaintiffs Erik Twede, Barry Long, and Olivia Williams (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, allege the following against the University of Washington ("Defendant," "UW," or "the University"), based where applicable on personal knowledge, information and behalf, and/or the investigation of counsel.

2.      This action arises under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794 and § 794a, as amended (collectively, the "Acts"), and the Washington Law Against Discrimination (the "WLAD").

3.      On July 26, 1990, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., the most comprehensive civil rights advancement for persons with disabilities ever to be enacted by the United States Congress, was signed into law. The Preamble of the ADA states its purpose:  "An Act: To establish a clear and comprehensive prohibition of discrimination on the basis of disability."

4.      The ADA includes parking services, which must be provided consistent with the Department of Justice 2010 ADA Standards for Accessible Design ("2010 ADA Standards") or the precursor standards for ADA compliance adopted in 1991 ("1991 ADA Standards").  See 28 CFR part 36, subpart D; the 2004 Americans with Disabilities Act Accessibility Guidelines (ADAAG) at 36 CFR part 1191, appendices B and D; and 28 CFR part 36, subpart D, Appendix A (1991 ADA Standards).

5.      Plaintiffs are individuals with mobility impairment disabilities.  Plaintiffs claim herein that, by reason of their disabilities, they are being excluded from participation in or being



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

denied the benefits of the services, programs, or activities of and/or being subjected to discrimination by UW at various parking lots owned, maintained, and/or operated by UW.

6.      Each Plaintiff has visited UW surface lots and parking structures, encountering a variety of barriers to full access guaranteed by the ADA, including too few regular accessible and van-accessible parking spaces under ADA numerical standards, facilities with inadequate signage and deficient size and slope specifications for existing parking spaces that are nominally accessible, facilities with insufficient and/or unsafe accessible routes, and facilities with inaccessible pay kiosks, among other forms of ADA non-compliance.  In the course of further investigation of all of the parking on the University of Washington campus, Plaintiffs have determined that the vast majority of the parking lots are not in compliance with 1991 ADA Standards and 2010 ADA Standards.

7.      Plaintiffs bring this lawsuit for injunctive relief under the ADA and comparable state law under Washington's Law Against Discrimination (WLAD), RCW 42.60 *et seq.*, to compel UW to put in place the designated number of parking spaces for vans and other passenger vehicles that the DOJ has determined meet the ADA's promise of full access, in addition to implementing attendant design specifications that make UW's parking facilities services safe and barrier-free consistent with the ADA.

## II.      PARTIES

### A.      Erik Twede

8.      Plaintiff Erik Twede, a resident of Burlington, Washington, uses a powerchair and modified van with a ramp for transportation, and he requires accessible parking and an



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

accessible route to be able to patronize places of public accommodation, such as the parking lots operated by Defendant.

9.      Additionally, Plaintiff Twede regularly travels to UW to the University of Washington Medical Center every two to three months.

10.     On information and belief, UW owns, operates, controls, and/or maintains the "Triangle" (C20 and C21) and "Surgery Pavilion" (UMSP) parking lots on or near its campus.

11.     UW's parking lots are places of public accommodation.  They are at or near the world-renowned University of Washington Medical Center which is frequently visited by numerous patients annually for medical treatment.

12.     Plaintiff Twede has encountered a number of barriers to access at these parking lots, including but not limited to, not enough accessible parking spaces and accessible routes with obstructions at the Surgery Pavilion lot; and not enough van accessible parking spaces, insufficient accessible parking signage, missing access aisles, insufficient accessible routes, and accessible parking slope violations in the C20 and C21 garages.

13.     Plaintiff Twede has patronized these parking lots in the past and intends to continue to do so in the future due to their convenient location near the University of Washington Medical Center.

14.     Plaintiff Twede has knowledge of the following accessibility barriers at each University of Washington campus parking facility alleged in this complaint and exhibits which he has either encountered personally or is specifically aware of. As a result he is and will continue to be dissuaded from using these other UW parking facilities.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

(a)   **Insufficient regular and van accessible parking spaces.** Plaintiff Twede's use of a modified van requires there to be a sufficient number of accessible parking spaces in order for him to safely access a parking facility. He cannot safely use non-accessible parking spaces if an insufficient number of accessible parking spaces have been provided.

(b)   **Insufficient regular and van accessible space dimensions.** Plaintiff Twede's use of a modified van requires him to have accessible parking spaces that are sufficiently wide. Insufficiently wide accessible parking spaces make exiting and entering his modified van impossible and/or dangerous.

(c)   **Insufficient regular and van accessible access aisle dimensions.** Plaintiff Twede's use of a modified van requires him to have access aisles that are adjacent to accessible parking spaces present and, when they are present, access aisles that are sufficiently wide. Missing or insufficiently wide access aisles make exiting and entering his modified van impossible and/or dangerous.

(d)   **Insufficient regular and van accessible parking signage.** Without sufficient regular and van accessible parking signage people who do not require accessible parking often use these spaces. This means that Plaintiff Twede may be unable to find any accessible parking and as a result is forced to either park in an unsafe non-accessible parking space or be unable to park at all.

(e)   **Insufficient vertical clearance.** Plaintiff Twede's use of a modified van requires him to have sufficient vertical clearance in order to safely park his vehicle.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

(f)    **Accessible parking slope violations.** Plaintiff Twede's use of a modified van requires him to have level slopes in accessible spaces and their adjacent access aisles.  Where the slope is not level, exiting and entering his modified van is impossible and/or dangerous.

(g)    **Insufficient accessible routes and accessible parking locations.** Plaintiff Twede requires that access aisles are directly connected to accessible routes and that accessible parking is located as close as possible to the nearest accessible entrance in order to safely access parking facilities. Not having sufficient accessible routes and accessible parking located near these accessible entrances puts Plaintiff Twede at unnecessary risk of being hit by cars when traveling from his vehicle to the accessible entrance.

(h)    **Curb ramp inaccessibility.** In order to safely enter and exit parking facilities Plaintiff Twede requires compliant curb ramps.  Where compliant curb ramps are not provided, he suffers a tipping hazard.

(i)    **Ramp inaccessibility.** In order to safely enter and leave parking facilities Plaintiff Twede requires compliant ramps on accessible routes.  Where compliant ramps are not provided, he suffers a tipping hazard.

(j)    **Ramp edge protection.** In order to safely enter and leave parking facilities Plaintiff Twede requires ramps on accessible routes to have the required edge protection.  Where ramp edge protection is not provided, he suffers a tipping hazard.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

     (k)    **Kiosk ground clearance.** When=re payment kiosks do not have the required ground clearance and are not connected to an accessible route then Plaintiff Twede is unable to safely pay for parking.

**B.**    **Barry Long**

15.    Plaintiff Long, a resident of Woodinville, Washington, uses a manual wheelchair for transportation, and he requires accessible parking and an accessible route to be able to patronize places of public accommodation, such as the parking lots operated by Defendant.

16.    Plaintiff Long regularly travels to UW three to four times a month for Spinal Cord Injury Forum meetings, medical appointments, speaking engagements, business meetings, social activities, and sporting events.

17.    On information and belief, UW owns, operates, controls, and/or maintains the "E1", "E6", "E8", "E9", "E12", "E12G", "E18", "E19", "S1", "S8", "Surgical Pavilion", "Triangle", "C1", "C2", "C3", "C4, "C5", "C6", "C7", "C8", "W10", "W12", "W40", "W41", "W46", "N1", "N5", "N16", "N18", "N20", "N21", and "N24" parking lots on or near its campus.

18.    UW's above listed parking lots are places of public accommodation.  They are in or near the UW campus, and, thus, are popular places to park for medical appointments and civic, social, business, and sporting events.

19.    Plaintiff Long has patronized these parking lots in the past and intends to continue to do so in the future due to their convenient location near the University of Washington.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

20.     Plaintiff Long has knowledge of the following accessibility barriers at each University of Washington campus parking facility alleged in this complaint and exhibits which he has either encountered personally or of which he is specifically aware. As a result he is and will continue to be dissuaded from using these other UW parking facilities.

(a)     **Insufficient regular and van accessible parking spaces.** Plaintiff Long's use of a modified vehicle requires there to be a sufficient number of accessible parking spaces in order for him to safety access a parking facility. He cannot safety use non-accessible parking spaces if an insufficient number of accessible parking spaces have been provided.

(b)     **Insufficient regular and van accessible space dimensions.** Plaintiff Long's use of a modified vehicle requires him to have accessible parking spaces that are sufficiently wide. Insufficiently wide accessible parking spaces make exiting and entering his modified vehicle impossible and/or dangerous.

(c)     **Insufficient regular and van accessible access aisle dimensions.** Plaintiff Long's use of a modified vehicle requires him to have access aisles that are adjacent to accessible parking spaces present and, when they are present, access aisles that are sufficiently wide. Missing or insufficiently wide access aisles make exiting and entering his modified vehicle impossible and/or dangerous.

(d)     **Insufficient regular and van accessible parking signage.** Without sufficient regular and van accessible parking signage people who do not require accessible parking often use these spaces. This means that Plaintiff Long may be unable



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

to find any accessible parking and as a result is forced to either park in an unsafe non-accessible parking space or be unable to park at all.

(e)     **Accessible parking slope violations.** Plaintiff Long's use of a modified vehicle requires him to have level slopes in accessible spaces and their adjacent access aisles.  Where the slope is not level, exiting and entering his modified vehicle is impossible and/or dangerous.

(f)     **Insufficient accessible routes and accessible parking locations.** Plaintiff Long requires that access aisles are directly connected to accessible routes and that accessible parking is located as close as possible to the nearest accessible entrance in order to safely access parking facilities.  Not having sufficient accessible routes and accessible parking located near these accessible entrances creates the unnecessary risk of Plaintiff Long being hit by cars when traveling from his vehicle to the accessible entrance.

(g)     **Curb ramp inaccessibility.** In order to safely enter and leave parking facilities Plaintiff Long requires compliant curb ramps.  Where compliant curb ramps are not provided, then he suffers a tipping hazard.

(h)     **Ramp inaccessibility.** In order to safely enter and leave parking facilities Plaintiff Long requires compliant ramps on accessible routes.  Where compliant ramps are not provided, he suffers a tipping hazard.

(i)     **Ramp edge protection.** In order to safely enter and exit parking facilities Plaintiff Long requires ramps on accessible routes to have the required edge

COMPLAINT
8 of 24



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

protection.  Where ramp edge protection is not provided, then he suffers a tipping hazard.

(j)     **Kiosk ground clearance.**  When payment kiosks do not have the required ground clearance and are not connected to an accessible route then plaintiff Long is unable to safely pay for parking.

**C. Olivia Williams**

21.     Plaintiff Williams, a resident of Normandy Park, Washington.

22.     Plaintiff Williams uses a manual wheelchair for transportation, and she requires accessible parking and an accessible route to be able to patronize places of public accommodation, such as the parking lots and facilities operated by Defendant.

23.     Plaintiff Williams, is a Sophomore at UW, regularly travels to UW for classes.

24.     On information and belief, UW owns, operates, controls, and/or maintains the "N22" and "W35" parking lots.

25.     UW's above listed parking lots are places of public accommodation.  They are in or near the UW campus, and, thus, are popular places to park for students attending classes and civic, social, and entertainment events at UW.

26.     Plaintiff Williams has encountered a number of barriers to access at these parking lots, including but not limited to, insufficient accessible parking signage and slope violations at N22; and not enough van accessible parking spaces, insufficient accessible parking signage, missing access aisles, insufficient accessible routes, and accessible parking slope violations at W35.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27.     Plaintiff Williams has patronized these parking lots in the past and intends to continue to do so in the future due to their convenient location near UW.

28.     Plaintiff Williams has knowledge of the following accessibility barriers at each University of Washington campus parking facility alleged in this complaint and exhibits which she has either encountered personally or is specifically aware of. As a result she is and will continue to be dissuaded from using these other UW parking facilities.

(a)     **Insufficient regular and van accessible parking spaces.** Plaintiff Williams' use of a modified vehicle and requires there to be a sufficient number of accessible parking spaces in order to safety access a parking facility. She cannot safety use non accessible parking spaces where an insufficient number of accessible parking spaces have been provided.

(b)     **Insufficient regular and van accessible space dimensions.** Plaintiff Williams' use of a modified vehicle requires her to have accessible parking spaces that are sufficiently wide.  Insufficiently wide accessible parking spaces make exiting and entering her modified van impossible and/or dangerous.

(c)     **Insufficient regular and van accessible access aisle dimensions.** Plaintiff Williams' use of a modified vehicle requires her to have access aisles that are adjacent to accessible parking spaces present and, when they are present, access aisles that are sufficiently wide. Missing or insufficiently wide access aisles make exiting and entering her modified vehicle impossible and/or dangerous.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

(d)    **Insufficient regular and van accessible parking signage.** Without sufficient regular and van accessible parking signage people who do not require this parking often use these spaces. The result is that Plaintiff Williams may be unable to find any accessible parking and as a result either park in an unsafe non-accessible parking space or be unable to park at all.

(e)    **Accessible parking slope violations.** Plaintiff Williams' use of a modified vehicle requires him to have level slopes in accessible spaces and their adjacent access aisles.  Where the slope is not level exiting and entering her modified vehicle is impossible and/or dangerous.

(f)    **Insufficient accessible routes and accessible parking locations.** Plaintiff Williams requires that access aisles be directly connected to accessible routes and that accessible parking is located as close as possible to the nearest accessible entrance in order to safely access parking facilities. Not having sufficient accessible routes and accessible parking located near these accessible entrances causes a risk of Plaintiff Williams being hit by cars when traveling from her vehicle to the accessible entrance.

(g)    **Curb ramp inaccessibility.** In order to safely enter and leave parking facilities Plaintiff Williams requires compliant curb ramps.  Where compliant curb ramps are not provided, she suffers a tipping hazard.



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

(h)    **Ramp inaccessibility.** In order to safely enter and leave parking facilities Plaintiff Williams requires compliant ramps on accessible routes.  Where compliant ramps are not provided, she is presented with a tipping hazard.

(i)    **Ramp edge protection.** In order to safely enter and leave parking facilities Plaintiff Williams requires ramps on accessible routes to have the required edge protection.  Where ramp edge protection is not provided, she suffers a tipping hazard.

(j)    **Kiosk ground clearance.** When payment kiosks do not have the required ground clearance and are not connected to an accessible route then Plaintiff Williams is unable to safely pay for parking.

**D.    Defendant University of Washington**

29.    At all relevant times, Defendant University of Washington has been and is an agency and/or instrumentality of the State of Washington both in general and for purposes of the Acts.

### III.    JURISDICTION

30.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4).

31.    This Court has pendant and supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

### IV.    VENUE

32.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because the practices and procedures that give rise to Plaintiffs' complaint are occurring in this District.



COMPLAINT
12 of 24

33.     Venue is additionally proper because the real property which is the subject of this action is located in this District.

### V.      FACTUAL ALLEGATIONS

34.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

35.     As set forth above, Plaintiffs encountered multiple barriers to access at UW's parking lots.

36.     Plaintiffs have identified additional barriers to access at parking lots W29, W32, W33, W51, W45, W46, C1, C2, C3, C4, C5, C6, C20, C21, H12, E16, E3, E4, E2, N26, E14, E1, E18, E6, E98, E97, E8, E9, E17, E19, E12, S9, S1, S8, S7, S12, S5, S6, W28, W24, W27, W34, W35, W8, W40, W14, W12, W13, W11, W10, W42, W4V, W41, N28, N3, N5, N7, N07, N8, N9, N10, N11, N12, N25, N13, N14, N15, N16, N18, N20, N21, N24, N22, C19, C23, C17, C15, C14, C12, C10, C7, C8, and C9.

37.     These additional barriers to access include:  insufficient regular and van accessible parking spaces; insufficient regular access aisle dimensions; insufficient van accessible parking space and access aisle dimensions; vertical clearance violations; missing access aisles; accessible parking slope violations; ramps in access aisles; insufficient accessible routes; insufficient regular accessible and van accessible parking signage; insufficient dispersion of accessible parking; ramp slope violations; ramp dimension violations; curb ramp slope violations; curb ramp dimension violations; ramp landing violations; ramp edge protection violations; and kiosk ground clearance violations.  *See* Appendix A and B attached to this complaint.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

38.     On information and belief, the parking facilities operated by Defendant UW were either constructed or altered after January 26, 1992, making Defendant subject to the applicable 1991 ADA Standards or 2010 ADA Standards.

39.     The 1991 ADA Standards and 2010 ADA Standards set forth identical numerical requirements for the number of regular accessible parking spaces each facility must provide in proportion to the total number of parking spaces otherwise provided by that facility:  For lots with 1-25 total spaces must be one (1) accessible space.  For lots with 26 to 50 total spaces, there must be two (2) accessible spaces.  For lots with 51 to 75 total spaces, there must be three (3) accessible spaces. For lots with 76 to 100 total spaces, there must be four (4) accessible spaces. For lots with 101 to 150 total spaces, there must be five (5) accessible spaces. For lots with 151 to 200 total spaces, there must be six (6) accessible spaces. For lots with 201 to 300 total spaces, there must be seven (7) accessible spaces. For lots with 301 to 400 total spaces, there must be eight (8) accessible spaces. For lots with 401 to 500 total spaces, there must be nine (9) accessible spaces. For lots that have 501 to 1000 spaces, there must be at least 2 percent of the total number designated for accessible parking.

40.     In addition to numerical requirements, the 1991 ADA Standards mandate that these regular accessible spaces be a minimum of 96 inches in width.  *See* § 4.6.3 of the 1991 Standards.  There must also be an access aisle at least 60 inches wide for each space (though the same aisle may serve two adjacent spaces).  *Id.*, § 4.6.3. Per § 4.6.4 of the 1991 Standards, "Accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility (see 4.30.7)." Further, "Spaces complying with 4.1.2(5)(b) shall have an additional sign "Van-Accessible" mounted below the symbol of accessibility. Such signs shall be located



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

so they cannot be obscured by a vehicle parked in the space." *Id.*, § 4.6.4. Finally, "Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions." *Id.*, § 4.6.4.

41.     The ADA Standards have requirements regarding signage and location of accessible parking. § 502.6 of the 2010 Standards clarifies this requirement and states that, "Signs shall be 60 inches (1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign." The ADA Standards further mandate that each lot or facility have a clearly marked accessible route that connects building or facility entrances with all accessible spaces and elements within the building or facility.  *See* § 4.1.3 of the 1991 Standards.  This access route must be located on shortest possible route between accessible parking spaces and the entrance/exit.  Also, § 4.6.1 of the 1991 Standards, 28 CFR § 35.133(a), requires that accessible features must be maintained. In order to do so, accessible routes from parking spaces to accessible entrances must remain clear of obstructions.

42.     The ADA Standards specify the requirements related to "van accessible" parking. Per the 1991 ADA Standards, one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 inches wide at minimum and shall be designated "van accessible." § 4.1.2(5)(b) of the 1991 Standards.  Van-accessible spaces must have a minimum width of 132 inches if the access aisle is under 96 inches wide.  The facility must allow a clearance of at least 98 inches to ensure van ingress and egress.  The 2010 ADA Standards, where applicable, require that one in every six (or fraction of six) accessible spaces be designated as "van accessible" (§ 208.2.4 of the 2010 Standards), with the same attendant width and clearance specifications.  *See id.*, § 502.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654
www.pcvalaw.com

43.     The 1991 ADA Standards specify the requirements related to automated teller machines and fare machines applied to parking payment kiosks. Per § 4.2.4.3 of the 1991 ADA Standards, a " . . . Clear floor or ground spaces for wheelchairs shall comply with 4.5." § 4.5.2 of the 1991 ADA Standards specifies that, "Changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment…Changes in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1:2 . . . Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp that complies with 4.7 or 4.8." Further, per § 4.2.4.1 of the 1991 ADA Standards, "The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum."

44.     Ramps that are part of accessible routes must meet the requirements of the ADA Standards. Per § 4.8.1 of the 1991 ADA Standards, "Any part of an accessible route with a slope greater than 1:20 shall be considered a ramp and shall comply with 4.8."  Under § 4.8.1 of the 1991 ADA Standards, "The least possible slope shall be used for any ramp. The maximum slope of a ramp in new construction shall be 1:12. The maximum rise for any run shall be 30 in (760 mm) . . . Curb ramps and ramps to be constructed on existing sites or in existing buildings or facilities may have slopes and rises as allowed in 4.1.6(3)(a) if space limitations prohibit the use of a 1:12 slope or less." A slope between 1:8 and 1:10 is allowed for a maximum rise of 3 inches per 4.1.6(3)(a)(ii) of the 1991 Standards. According to § 4.8.3 of the 1991 ADA Standards, "The minimum clear width of a ramp shall be 36 in (915 mm)." Finally, per § 4.8.1 of the 1991 ADA Standards, "Ramps and landings with drop-offs shall have curbs, walls, railings, or projecting surfaces that prevent people from slipping off the ramp."

PCVA PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

45.     Curb ramps that are part of accessible routes must meet the requirements of the ADA Standards. Per § 4.7.1 of the 1991 ADA Standards, "Curb ramps complying with 4.7 shall be provided wherever an accessible route crosses a curb." Under § 4.7.2 of the 1991 ADA Standards, "Slopes of curb ramps shall comply with 4.8.2. The slope shall be measured as shown in Fig. 11." According to § 4.8.2 of the 1991 ADA Standards, "The least possible slope shall be used for any ramp. The maximum slope of a ramp in new construction shall be 1:12. The maximum rise for any run shall be 30 in (760 mm) (see Fig. 16). Curb ramps and ramps to be constructed on existing sites or in existing buildings or facilities may have slopes and rises as allowed in 4.1.6(3)(a) if space limitations prohibit the use of a 1:12 slope or less." Under § 4.7.1 of the 1991 ADA Standards, "The minimum width of a curb ramp shall be 36 in (915 mm), exclusive of flared sides." Finally, "If a curb ramp is located where pedestrians must walk across the ramp, or where it is not protected by handrails or guardrails, it shall have flared sides; the maximum slope of the flare shall be 1:10 . . . ."

46.     Based on the Plaintiffs' inspections of UW's parking facilities on the Seattle campus, Defendant does not comply with the applicable accessible parking and accessible route specifications under the ADA Standards, as specified herein and in the exhibits.

47.     Defendant's parking lots are in violation of the standards applicable under the Acts as well as the Washington Law Against Discrimination ("WLAD").

48.     With respect to any UW lots that Plaintiffs have not personally visited, they each have knowledge of the remaining ADA violations at the UW lots mentioned herein and in the exhibits. Plaintiffs face a future threat that they will encounter difficulty parking at those lots due to the ADA violations and unremediated architectural barriers described herein and in the



PCVA PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

exhibits. This threat has dissuaded and will continue to dissuade them from using these other parking facilities.

49.    Except where the WLAD provides less stringent standards, standards under the ADA provide guidance to be followed when determining whether an act of discrimination violated the WLAD.  *See Clarke v. Shoreline Sch. Dist. No. 412*, *King Cty.*, 106 Wn. 2d 102, 720 P.2d 793 (1986); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879 (9th Cir. 2004).

## VI.    CAUSES OF ACTION

### A.    Count I – ADA Title II Disability Discrimination

50.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

51.    Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 USC § 12132.

52.    When proscribing discrimination in Title II on the basis of disability by public entities, Congress included any "department, agency, special purpose district, or other instrumentality of . . . States or local government" in its definition of "public entity."  42 USC § 12131(1)(B).  The prohibition against discrimination therefore applies to anything a public entity does, even if carried out by private contractors.

53.    In order to effectuate these statutory rights, the Department of Justice promulgated numerous regulations codified at 28 C.F.R. 35 *et seq.*



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

54.     Those regulations define "facility" as "all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located." 28 C.F.R. § 35.104.

55.     Defendant is a public entity under the ADA.

56.     Plaintiffs were and are at all relevant times qualified individuals with a disability for all purposes under the ADA.

57.     In violation of Title II, Defendant discriminated against Plaintiffs by depriving them of full and equal access to its parking facilities by failing to make those facilities accessible as required by law, including but not limited to:

a.     Failing to render these facilities readily accessible and usable to individuals with Plaintiffs' disabilities pursuant to 28 C.F.R. § 35.151(a)(1) and .151(c);

b.     Failing to ensure that alterations to the parking facilities rendered those facilities readily accessible and usable to individuals with Plaintiffs' disabilities pursuant to 28 C.F.R. § 35.151(b)

c.     Failing to maintain the features of these facilities required to be accessible pursuant to 28 C.F.R. § 35.133.

58.     Defendant's discriminatory conduct has caused harm to Plaintiffs and will, unless enjoined, continue to cause harm to Plaintiffs.

59.     Plaintiffs request injunctive relief ordering UW to cease its discriminatory conduct and to remove or remedy all accessibility barriers identified in this Complaint. Plaintiffs also request attorney fees and costs as provided by law.



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

**B.** **Count II – Rehabilitation Act Disability Discrimination**

60.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

61.     The Rehabilitation Act provides "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

62.     Under § 504 of the Rehabilitation Act, "the term 'program or activity' means all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government."

63.     Discrimination under the Rehabilitation Act is essentially the same as discrimination under Title II, applicable to a state agency or program, with the additional requirement that the program or activity of the state agency receive federal financial assistance. Section 505 of the Rehabilitation Act incorporates the remedies, rights, and procedures set forth in Title VI of the Civil Rights Act of 1964 for violations of § 504 of the Rehabilitation Act.

64.     On information and belief, UW has been the recipient of federal financial assistance and part of that financial assistance has been used to fund the construction and alteration of the parking lots identified in this Complaint and the operation of UW's programs and activities.



PCVA PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

65.     By failing to render its parking lots accessible as described in this Complaint, UW has excluded and/or deterred Plaintiffs from and/or denied Plaintiffs full and equal access to those parking lots and UW's other programs and activities that receive federal funding.

66.     Plaintiffs have no adequate remedy at law.  Unless Plaintiffs' requested relief is granted, they or any other similarly disabled persons who visit UW will suffer irreparable injury by the denial of access.

**C.      Count III - Violation of WLAD**

67.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

68.     Defendant's practices alleged herein violate Plaintiffs' rights under the WLAD by denying them full and equal enjoyment of the Defendant's place of public accommodation, as described herein.

69.     Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part:

> The right to be free from discrimination because of…the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ."

70.     Defendant's parking lot is a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

71.     Plaintiffs are individuals with a disability within the scope of the WLAD.



PCVA PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

72.     On information and belief, Defendant has violated and continues to violate the WLAD by unlawfully denying Plaintiffs full and equal access to its parking lots for the reasons set forth above, including violating the ADA.

73.     On information and belief, Defendant has violated and continues to violate the WLAD by unlawfully denying Plaintiffs full and equal access to its "place of public resort, accommodation, assemblage, or amusement . . . ."

74.     Defendant's actions constitute discrimination against Plaintiffs and violate the WLAD in that Plaintiffs are being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides.

75.     As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate inaccessibility at the parking facility.   These failures have denied Plaintiffs the full and equal enjoyment of UW's accommodations, advantages, privileges, and facilities that the Washington Law Against Discrimination requires.

76.     Because Plaintiffs have a clear legal right to access the parking facility, have a well-grounded fear of immediate invasion of that right, and have been actually injured as a result of Defendant's conduct as alleged herein, declaratory and injunctive relief are appropriate remedies.  *See Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209 (2000).

77.     Pursuant to RCW 49.60.030(2), Plaintiffs are entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.   Declaratory and injunctive relief to identify and correct Defendants' practices that violate the ADA, the Rehabilitation Act, and/or the WLAD;

B.   An award of costs and attorney fees; and

C.   Such other or further relief as may be appropriate.

DATED:

PFAU COCHRAN VERTETIS AMALA PLLC

By: ____/s/ Darrell L. Cochran_____

By: ____/s/ Christopher E. Love_____

By: ____/s/ Kevin M. Hastings_____

Darrell L. Cochran, WSBA No. 22851
Christopher E. Love, WSBA No. 42832
Kevin M. Hastings, WSBA No. 42316
PFAU COCHRAN VERTETIS AMALA PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Telephone: (253) 777-0799
Facsimile: (253) 627-0654
darrell@pcavalaw.com
chris@pcvalaw.com
kevin@pcvalaw.com

WASHINGTON CIVIL AND DISABILITY ADVOCATE

By: ____/s/ Conrad Reynoldson_____



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Conrad Reynoldson, WSBA No. 48187
3513 NE 45th Street, Suite G
Seattle, WA 98105
Telephone: (206) 855-3134
Conrad.wacda@gmail.com

4839-8220-3177, v. 1



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

# EXHIBIT A

1.  **UMSP**

(a)     At UMSP or "Surgery Pavilion", there are a total number of 278 parking
spaces.  Under the ADA 1991 Standards, Defendant must provide at least twenty eight (28)
accessible spaces total as 10 percent of the total number of parking spaces at outpatient
medical facilities must be accessible parking spaces. 1991 Standards § 4.1.2(5)(a)(i).  In
violation of the ADA, Defendant has designated at UMSP only twenty four (24) total
accessible spaces.  Defendant has also violated the ADA by failing maintain accessible
features by not keeping accessible routes from accessible parking stalls to the elevators
clear of obstructions.

(b)     

(c)     

2.      **C1**

(a)      At UW's C1, there are a total number of 159 parking spaces.  Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for all of the accessible parking spaces. Defendant has violated the ADA by providing an access aisle that is 43 inches wide between two accessible spaces. Defendant has violated the ADA by time limiting the signage on the multiple accessible parking spaces from the hours of 7am to 9pm. Outside those hours anyone can use these accessible parking spaces at C1. Defendant has violated the ADA by providing accessible route ramps with a slope of 1:9. A slope between 1:8 and 1:10 is allowed for a maximum rise of 3 inches. Here the rise is much greater than 3 inches. Defendant has violated the ADA by failing to provide the required edge protection on one side of the first of these ramps.



(b)

3.      **C2**

(a)      At UW's C2, there are a total number of 83 parking spaces.  In violation of the ADA, Defendant has designated no van-accessible spaces in C2.  Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum

height of 60 inches for all of the accessible parking spaces. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:12 at C2. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance.

4.      **C3**

(a)      At UW's C3, there are a total number of 178 parking spaces.  In violation of the ADA, Defendant has designated no van-accessible spaces in C3.  Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for all of the accessible parking spaces. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:12 at C3. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing not located all of the accessible spaces on the shortest possible route from the parking to an entrance.



(b)

5.      **C4**

(a)      At UW's C4, there are a total number of 156 parking spaces.  Under the
ADA Standards, Defendant must provide at least five (5) regular accessible parking spaces
and one (1) van-accessible space.  In violation of the ADA, Defendant has designated only
four (4) regular accessible parking spaces no van-accessible spaces in C4.  Defendant has
violated the ADA by failing to provide required accessible parking signage at a minimum
height of 60 inches for all of the accessible parking spaces. Defendant has also violated the
ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper
than 1:50 in all directions. Slopes are as steep as 1:19 at C4. Defendant also violates the
ADA by providing a ramp to the elevator with a slope that reaches a maximum of 1:4.

(b)


(c)



(d)

6.    **C5**

(a)    At UW's C5, there are a total number of 184 parking spaces.  Under the ADA Standards, Defendant must provide at least five (5) regular accessible parking spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces in C5.

7.    **C6**

(a)    At UW's C6, there are a total number of 202 parking spaces.  Under the ADA Standards, Defendant must provide at least six (6) regular accessible parking spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated only two (2) regular accessible parking spaces and no van-accessible parking spaces in C6. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for all of the accessible parking spaces. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:12 at C6. Defendant has violated the ADA by not locating all of the accessible spaces on the shortest possible route from the parking to an entrance.



(b)

8.   **<u>C7</u>**

(a)     At UW's C7, there are a total number of 18 parking spaces.  In violation of the ADA, Defendant has designated no van-accessible parking spaces in C7.  Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for all of the accessible parking spaces. Defendant has violated the ADA by not providing access aisles adjacent to each accessible parking space. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:24 at C7. Defendant has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing all of the accessible spaces on the shortest possible route from the parking to an entrance. Finally, Defendant has violated the ADA by providing multiple curb ramps with slope violations. One curb ramp has a run slopes as steep as 1:7, and two curb ramps have flares with slopes as steep as 1:2.



(b)



(c)

9.   **<u>C8</u>**

(a)   At UW's C8, there are a total number of 16 parking spaces.  In violation of the ADA, Defendant has designated no van-accessible parking spaces in C8.  Defendant has violated the ADA by not providing access aisles adjacent to each accessible parking space. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:32 at C8. Defendant has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing all of the accessible spaces on the shortest possible route from the parking to an entrance.



(b)

10.  **<u>C9</u>**

(a)     At UW's C9, there are a total number of 14 parking spaces.  In violation of the ADA, Defendant has designated no van-accessible parking spaces in C9.  Defendant has violated the ADA by not providing access aisles adjacent to each accessible parking space. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:32 at C9. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for all of the accessible parking spaces. Defendant has failed to provide an accessible route from the access aisle to the nearest accessible entrance.



(b)

11.  **<u>C10</u>**

(a)     At UW's C10, there are a total number of 57 parking spaces.  In violation of the ADA, Defendant has designated no van-accessible parking spaces in C10. Defendant has violated the ADA by not providing access aisles adjacent to every accessible parking space. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for one of the accessible parking spaces. Defendant has failed to provide an accessible route from the access aisle to the nearest accessible entrance. Defendant has violated the ADA by providing two curb ramps with slope violations. The curb ramps have a run slopes as steep as 1:2, and flares with slopes as steep as 1:2.



(b)



(c)

12. **C12**

(a)     At UW's C12, there are a total number of 57 parking spaces.  Under the ADA Standards, Defendant must provide at least two (2) regular accessible parking spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated only two (2) regular accessible parking spaces and no van-accessible parking spaces in C12. Defendant has violated the ADA by not providing access aisles adjacent to every accessible parking space. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for either of the accessible parking spaces. Defendant has failed to provide an accessible route from the access aisle to the

nearest accessible entrance. Defendant has violated the ADA by providing a curb ramp with slope violations. The curb ramp has a run slope as steep as 1:9, flares with slopes as steep as 1:6. The curb ramp is also only 31 inches wide.



(b)

13.   **C14**

(a)   At UW's C14, there are a total number of 16 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces in C14.

14.   **C15**

(a)   At UW's C15, there are a total number of 35 parking spaces.  In violation of the ADA, Defendant has designated no van-accessible parking spaces in C15. Defendant has violated the ADA by not providing access aisles adjacent to every accessible parking space. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for some of the accessible parking spaces. Defendant has failed to provide an access aisle next to each accessible parking space. Defendant has also violated the ADA by failing to provide a slope for accessible

parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:2 at C15.



(b)

15.    **<u>C17</u>**

(a)    At UW's C17, there are a total number of 32 parking spaces.  In violation of the ADA, Defendant has designated no van-accessible parking spaces in C17. Defendant has violated the ADA by not providing access aisles adjacent to every accessible parking space. Some of the access aisles that are provided are insufficiently wide or are obstructed. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for some of the accessible parking spaces. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:4 at C17.



(b)



(c)

16.   **<u>C19</u>**

(a)    At UW's C19, there are a total number of 16 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) regular accessible parking space and (1) van-accessible parking space.  In violation of the ADA, Defendant has designated no accessible parking spaces in C19.

17.   **<u>C20</u>**

(a)    At UW's C20 and C21, there are over 500 combined parking spaces.  In violation of the ADA, Defendant has designated no van-accessible parking spaces in C20 and C21.  Defendant has violated the ADA by not providing access aisles adjacent to many

of accessible parking spaces. The access aisles is obstructed and being used as storage space. Defendant has violated the ADA by failing to provide required accessible parking signage for many of the accessible parking spaces. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions.



(b)



(c)

18.   **C21**

(a)   At UW's C20 and C21, there are over 500 combined parking spaces.  In violation of the ADA, Defendant has designated no van-accessible parking spaces in C20 and C21.  Defendant has violated the ADA by not providing access aisles adjacent to many

of accessible parking spaces. The access aisles is obstructed and being used as storage space. Defendant has violated the ADA by failing to provide required accessible parking signage for many of the accessible parking spaces. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions.

19.    **C23**

(a)     At UW's C23, there are a total number of 18 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has not designated any van-accessible spaces. Defendant has violated the ADA by not providing a sufficiently wide access aisle adjacent to the accessible parking space and by placing obstructions in the access aisle. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing the accessible space on the shortest possible route from the parking to an entrance. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for the accessible parking space.  Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:32 at C23. Defendant has violated the ADA by time limiting the signage on the one accessible parking space from the hours of 7am to 10pm. Outside those hours anyone can use the sole accessible parking space at C23.



(b)

# EXHIBIT B

1.    **N1**

(a)      At UW's parking lot N1, Defendant has violated the ADA by failing to provide an accessible route from each access aisle to the nearest accessible route for many of the accessible parking spaces. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for every accessible parking space.  Defendant has violated the ADA by failing to provide a slope for access aisles and accessible parking spaces no steeper than 1:50 in all directions. Slopes are as steep as 1:19 in some places, Also, Defendant has violated the ADA by not designating any of the accessible parking as van accessible.

(b)



(c)

2.    **N2**

(a)      At UW's parking lot N2, Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for every accessible parking space.  Defendant has violated the ADA by failing to provide a slope for access aisles and accessible parking spaces no steeper than 1:50 in all directions. Slopes

are as steep as 1:2 in some places. Also, Defendant has violated the ADA by providing at least one insufficiently wide access aisle.



(b)



(c)



(d)

3.    **<u>N3</u>**

(a)     At UW's N3, there are a total number of 19 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no van accessible parking spaces at N3.

4.     **N5**

(a)     At UW's N3, there are a total number of 184 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no van accessible parking spaces at N3.  Defendant has violated the ADA by failing to provide a slope for accessible parking spaces and access aisles at of N3 no steeper than 1:50 in all directions. Slopes are as steep as 1:16 at N3. Defendant has also violated the ADA by providing two regular accessible parking spaces that are less than 96 inches wide.

5.     **N9**

(a)     At UW's N9, there are a total number of 52 parking spaces.  Under the ADA Standards, Defendant must provide at least two (2) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N9.

6.     **N10**

(a)     At UW's N10, there are a total number of 52 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) regular accessible space and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N10.

7.     **N11**

(a)      At UW's N11, there are a total number of 50 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) regular accessible space and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N11.

8.    **N11**

(a)      At UW's N12, there are a total number of 52 parking spaces.  Under the ADA Standards, Defendant must provide at least two (2) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N12.

9.    **N13**

(a)      At UW's N13, there are a total number of 52 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has provided only one accessible space.  This accessible space is the size of a van accessible space but is not identified as such. Defendant has also violated the ADA by not connecting the access aisle to an accessible route.



(b)

10.   **N14**

    (a)   At UW's N14, there are a total number of 60 parking spaces.  Under the ADA Standards, Defendant must provide at least two (2) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N14.

11.   **N15**

    (a)   At UW's N15, there are a total number of 64 parking spaces.  Under the ADA Standards, Defendant must provide at least two (2) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N15.

12.   **N16**

    (a)   At UW's N16, there are a total number of 119 parking spaces.  Under the ADA Standards, Defendant must provide at least four (4) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N16.

13.   **N18**

    (a)   At UW's N18, there are a total number of 248 parking spaces.  Under the ADA Standards, Defendant must provide at least six (6) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N18.

14.   **N20**

(a)     At UW's N20, there are a total number of 150 parking spaces.  Under the ADA Standards, Defendant must provide at least four (4) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N20.

15.   **N21**

(a)     At UW's N21, there are a total number of 130 parking spaces.  Under the ADA Standards, Defendant must provide at least four (4) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at N21.

16.   **N22**

(a)     At UW's N22, there are a total number of 41 parking spaces.  Defendant has failed to provide an accessible route from the access aisle to the nearest accessible entrance for some accessible parking spaces. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for every accessible parking space. In violation of the ADA Defendant has failed to provide any accessible parking signage whatsoever for most of the accessible parking stalls in N22. Defendant has violated the ADA by failing to provide a slope for access aisles and accessible parking spaces no steeper than 1:50 in all directions. Slopes are as steep as 1:16 in some places.



(b)

17.   **N24**

(a)      At UW's parking lot N24, there are 71 parking spaces. Under ADA standards, Defendant must provide at least three (3) regular accessible spaces with one (1) van accessible space. In violation of the ADA, Defendant has designated only one accessible parking space and one van accessible parking space. In violation of the ADA, Defendant has violated the ADA by failing to provide any required accessible parking signage. Defendant has violated the ADA by providing a curb ramps with slope violations. The curb ramp has a run slopes as steep as 1:9.



(b)

18.   **N25**

(a)     At UW's parking lot N25, there are 64 parking spaces. Under ADA standards, Defendant must provide at least two (2) regular accessible spaces and one (1) van accessible space. In violation of the ADA, Defendant has designated no accessible parking spaces. Contrary to the 2010 ADA standards relating to automated teller machines and parking payment kiosks, Defendant's payment kiosk does not have a clear floor or ground space allowing access to the machine.



(b)

19.   **<u>N26</u>**

(a)     At UW's parking lot N26, Defendant has violated the ADA by not providing a sufficiently wide access aisle adjacent to some accessible parking spaces. Some accessible parking spaces lack any adjacent access aisle whatsoever. Defendant has failed to provide an accessible route from the access aisle to the nearest accessible entrance and has violated the ADA by not providing the accessible space on the shortest possible route from the parking to an entrance for some accessible parking spaces. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for every accessible parking space.  Defendant has violated the ADA by failing

to provide a slope for access aisles and accessible parking spaces no steeper than 1:50 in all directions. Slopes are as steep as 1:16 in some places.

(b)



(c)



20.   **N28**

(a)   At UW's N28, there are 210 parking spaces. Under ADA standards, Defendant must provide at least six (6) regular accessible spaces and one (1) van accessible space. In violation of the ADA, Defendant has designated no van-accessible spaces. Defendant has violated the ADA by failing to provide the required accessible parking signage at a minimum height of 60 inches for the accessible parking spaces. Defendant has violated the ADA by failing to provide the required access aisle adjacent to one accessible parking space.



(b)

# EXHIBIT C

1.   **<u>S1</u>**

(a)   At UW's parking lot S1, there are 826 parking spaces. S1 serves the University of Washington Medical Center which qualifies as a Hospital Outpatient facility. Twenty percent of parking spaces at such facilities must be reserved for accessible parking per 4.1.2(5)(d)(i) of the 1991 Standards. As a result Defendant has violated the ADA by not providing eighty two (82) accessible parking spaces, a minimum of eleven (11) of which must be designated as van accessible. Defendant has violated the ADA by not providing a sufficiently wide access aisle adjacent to some accessible parking spaces. Many accessible parking spaces lack any adjacent access aisle whatsoever.  Defendant has failed to provide an accessible route from the access aisle to the nearest accessible entrance and has violated the ADA by not providing the accessible space on the shortest possible route from the parking to an entrance. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for the accessible parking space.  Defendant has violated the ADA by failing to provide a slope for the access aisle by the M level of the South Campus Center no steeper than 1:50 in all directions. Due to a built up ramp slopes are as steep as 1:7 at this entrance. Defendant has violated the ADA by failing to provide a slope for three access aisles on the upper level of S1 no steeper than 1:50 in all directions. Due to a built up ramps in each of these access aisles slopes are as steep as 1:2 on this level. Defendant has violated the ADA by providing a curb ramp on the upper level with slope violations. The curb ramp has flares with slopes as steep as 1:4.



(b)



(c)



(d)

2.    **<u>S5</u>**

(a)    At UW's S5, there are a total number of 7 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at S5.

3.    **<u>S6</u>**

(a)      At UW's S6, there are a total number of 6 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at S6.

4.      **S7**

(a)      At UW's S7, there are a total number of 6 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at S7.

5.      **S8**

(a)      At UW's parking lot S8, there are 39 parking spaces. Under ADA standards, Defendant must provide at least two (2) regular accessible spaces with one (1) as a van accessible space. In violation of the ADA, Defendant has designated only one accessible parking space and no van accessible parking spaces. Defendant has violated the ADA by failing to provide a slope for the access space no steeper than 1:50 in all directions. Here the slope is as steep as 1:4. In violation of the ADA, Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches and has time limited the signage from the hours of 7am to 9pm. Outside those hours anyone can use the sole accessible parking space.  Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance.



(b)

6.   **<u>S9</u>**

(a)     At UW's parking lot S9, there are 4 parking spaces. In violation of the ADA Defendant has provided an insufficiently wide access aisle between two accessible parking spaces and no access aisle whatsoever between two other accessible parking spaces. Defendant has violated the ADA by failing to provide a slope for accessible parking spaces and access aisles at of S1 no steeper than 1:50 in all directions. Slopes are as steep as 1:24 at S9.

7.   **<u>S12</u>**

(a)     At UW's S12, there are a total number of 19 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at S12.

# EXHIBIT D

1.    **E1**

(a)    At UW's E1, there are a total number of approximately 1,228 parking spaces.  Under the ADA Standards, Defendant must provide at least nineteen (19) regular accessible parking spaces and three (3) van-accessible spaces.  In violation of the ADA, Defendant has designated no accessible parking spaces in E1.



(b)

2.    **E2**

(a)    At UW's E2, there are a total number of 122 parking spaces.  Under the ADA Standards, Defendant must provide at least four (4) regular accessible parking spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces in E2.

3.    **E3**

(a)    At UW's E3, there are a total number of 25 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at E3.  Defendant has

also violated the ADA by providing a completely inaccessible payment kiosk that is not

served by an accessible route as the kiosk is up a curb and surrounded by grass at E3.



(b)

4.  **E4**

(a)  At UW's E4, there are a total number of 130 parking spaces.  Under the

ADA Standards, Defendant must provide at least four (4) regular accessible parking spaces

and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no

accessible parking spaces in E4.  Defendant has also violated the ADA by providing a

completely inaccessible payment kiosk that is not served by an accessible route as it is up

a curbs at E4.



(b)

5.    **E6**

(a)    At UW's E6, there are a total number of 16 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at E6.

6.    **E8**

(a)    At UW's parking lot E8, there are 132 parking spaces. Under ADA standards, Defendant must provide at least four (4) regular accessible spaces and one (1) van accessible space. In violation of the ADA, Defendant has designated only one (1) accessible parking space and no van accessible parking spaces. Defendant has also violated the ADA by providing a payment kiosk that is not directly served by an accessible route.



(b)

7.     **<u>E9</u>**

(a)     At UW's parking lot E9, there are 65 parking spaces. Under ADA standards, Defendant must provide at least two (2) regular accessible spaces and one (1) van accessible space. In violation of the ADA, Defendant has designated no van accessible parking spaces. Defendant has violated the ADA by not providing a sufficiently wide access aisle adjacent to some accessible parking spaces. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing the accessible space on the shortest possible route from the parking to an entrance. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for the accessible parking space.  Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:16 at E9. Defendant has violated the ADA by time limiting the signage on some accessible parking spaces from the hours of 7am to 9pm. Outside those hours anyone can use these accessible parking spaces at E9. Defendant has violated the ADA by providing curb ramps on only some corners of the intersections surrounding E9.

The accessible parking stall in front of the Floyd Nordstrom Tennis Center block access to the curb ramp when the space is in use.

(b)


(c)


(d)


8.   **H12**

(a)      At UW's parking lot H12, there are 84 parking spaces. In violation of the ADA, Defendant has designated no van accessible parking spaces. Defendant has violated the ADA by not providing, or providing insufficiently wide, access aisles adjacent to accessible parking spaces. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for the accessible parking space and has failed to provide any van accessible parking signage.  Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:2 at H12.



(b)

9.    **E12**

(a)      At UW's parking lot E12, there are 950 parking spaces. Under ADA standards, Defendant must provide at least sixteen (16) regular accessible spaces and three (3) van accessible space. In violation of the ADA, Defendant has designated only 12 total accessible parking spaces. Defendant has violated the ADA by providing some accessible parking spaces that are less than 96 inches wide. Defendant has violated the ADA by not providing sufficiently wide access aisles adjacent to some accessible parking spaces. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for some accessible parking spaces.  Defendant has also

violated the ADA by failing to provide a slope for the access aisles by the South Ramp - West no steeper than 1:50 in all directions. Due to a built up ramp slopes are as steep as 1:2 at E12.



(b)

10.  **<u>E12G</u>**

(a)     At UW's parking lot E12G, there are 207 parking spaces. E12G serves the Sports Medicine Center at Husky Stadium which qualifies as a Rehabilitation or Outpatient Physical Therapy facility. Twenty percent of parking spaces at such facilities must be reserved for accessible parking per 4.1.2(5)(d)(ii) of the 1991 Standards. As a result Defendant has violated the ADA by not providing forty two (42) accessible parking spaces, a minimum of six (6) of which must be designated as van accessible. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for some accessible parking spaces. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing the accessible space on the shortest possible route from the parking to an entrance. One accessible parking space is located in a back corner and has no accessible features other than insufficiently high accessible parking sign.



(b)

11.   **E14**

(a)     At UW's E14, there are a total number of 60 parking spaces.  Under the ADA Standards, Defendant must provide at least two (2) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at E14.

12.   **E16**

(a)     At UW's parking lot E16, there are 113 parking spaces. Under ADA standards, Defendant must provide at least four (4) regular accessible spaces and one (1) van accessible space. In violation of the ADA, Defendant has only designated four (4) total regular accessible parking spaces. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for some accessible parking spaces. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance for two of the accessible parking spaces and Defendant has also violated the ADA by not providing these two accessible space on the shortest possible route from the parking to an entrance. A curb ramp serving E16 has flares with slopes as steep as 5:6. The lower entrance to the building served by E16 is an

accessible entrance however the accessible route to the entrance is obstructed by a bike rack.



(b)



(c)

(d)



(e)

13.  **E17**

(a)    At UW's parking lot E17, there are 35 parking spaces. Under ADA standards, Defendant must provide at least one (1) regular accessible spaces and one (1) van accessible space. In violation of the ADA, Defendant has only designated two (2) total regular accessible parking spaces.

14.  **E18**

(a)    At UW's E18, there are a total number of approximately 1,423 parking spaces.  Under the ADA Standards, Defendant must provide at least twenty one (21) regular accessible parking spaces and four (4) van-accessible spaces.  In violation of the ADA, Defendant has designated only five (5) regular accessible parking spaces no accessible parking spaces in E18.  Defendant has violated the ADA by failing to provide required accessible parking signage for any of the accessible parking spaces. Defendant has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing all of the accessible spaces on the shortest possible route from the parking to an entrance.

15.  **E19**

(a)     At UW's parking lot E19, there are 13 parking spaces. Under ADA standards, Defendant must provide at least one (1) van accessible space. In violation of the ADA, Defendant has designated no van accessible parking spaces. Defendant has also violated the ADA by providing an inaccessible payment kiosk that does not have the required ground clearance as the kiosk is located at the edge of a curb.



(b)

16.   **<u>E97</u>**

(a)     At UW's E97, there are a total number of 24 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no accessible parking spaces at E97.

17.   **<u>E98</u>**

(a)     At UW's E98, there are a total number of 21 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has designated no van accessible parking spaces at E98.  Defendant has violated the ADA by failing to provide required accessible parking signage at a

minimum height of 60 inches for existing regular accessible parking spaces. One accessible

parking space blocks access to the curb ramp when the space is in use.



(b)

# EXHIBIT E

1.   **<u>W4V</u>**

(a)     At UW's W4V, there are a total number of 13 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has not designated any van-accessible spaces at W4V.  Defendant's parking facility fails to allow for a height clearance of 98 inches at the entrance of the facility, by providing for a vertical clearance of only 86 inches. Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:12 at W4V.



(b)

2.   **<u>W10</u>**

(a)     At UW's W10, there are a total number of 114 parking spaces.  Under the ADA Standards, Defendant must provide at least four (4) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated at W10 only one (1) regular accessible space and no van-accessible space.  Defendant has also violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for one existing accessible parking space and providing an accessible parking space with a slope ratio of as much as 1:2.



(b)

3.    **W11**

(a)    At UW's W11, there are a total number of 9 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has not designated any van-accessible spaces at W11.  Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:19 at W11. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches and has time limited the signage from the hours of 7am to 9pm. Outside those hours anyone can use the sole accessible parking space at W11. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing all of the accessible spaces on the shortest possible route from the parking to an entrance.



(b)

4.  **W12**

(a)     At UW's W12, there are a total number of 108 parking spaces.  Under the ADA Standards, Defendant must provide at least four (4) regular accessible spaces and one (1) van-accessible space.  In violation of the ADA, Defendant has designated at W12 only two (2) regular accessible spaces, neither of which has signage indicating it is van accessible.  Defendant has also violated the ADA by failing to provide the required adjacent access aisle and providing an accessible parking spaces with a slope ratio of as much as 1:12. Defendant also has failed to provide an accessible route from the access aisle of one accessible parking space to the nearest accessible entrance and Defendant has also violated the ADA by not locating all of the accessible spaces on the shortest possible route from the parking to an entrance for that accessible parking space. Defendant has also time limited the signage from the hours of 7am to 10pm for one space and 6am to 9pm for the other Outside those hours anyone can use the sole accessible parking space at W12.

(b)



(c)

5.   **<u>W13</u>**

(a)      At UW's W13, there are a total number of 10 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has not designated any van-accessible spaces at W13.  Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:32 at W13. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches and has time limited the signage from the hours of 7am to 9pm. Outside those hours anyone can use the sole accessible parking space at W13. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible and Defendant has also violated the ADA by not providing all of the accessible spaces on the shortest possible route from the parking to an entrance. Finally Defendant has completely blocked the one accessible space with bike lockers.



(b)

6.   **W27**

(a)     At UW's W27, there are a total number of 24 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has not designated any van-accessible spaces at W27.  Defendant has violated the ADA by failing to provide any required 60 inch high accessible parking signage. Both accessible parking signs are only 30 inches high.



(b)

7.   **W29**

(a)     At UW's W29, there are a total number of 95 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has not designated any van-accessible spaces at W29.  Defendant has violated the ADA by failing to provide any required access aisles adjacent to any

accessible parking spaces. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing all of the accessible spaces on the shortest possible route from the parking to an entrance.



(b)

8.    **<u>W32</u>**

(a)    At UW's W32, there are a total number of 67 parking spaces.  In violation of the ADA, Defendant has not designated any accessible parking spaces at W32.

9.    **<u>W33</u>**

(a)    At UW's W33, there are a total number of 88 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation of the ADA, Defendant has not designated any van-accessible spaces at W33.  Defendant has violated the ADA by providing an access aisle that is 48 inches wide between two accessible spaces. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches and one accessible parking sign is entirely missing. Defendant has violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:9 at W33. Defendant also has failed to provide an accessible route from

the access aisle to the nearest accessible entrance and Defendant has also violated the ADA

by not providing all of the accessible spaces on the shortest possible route from the parking

to an entrance.



(b)



(c)

10.   **<u>W34</u>**

    (a)    At UW's W34, there are a total number of 13 parking spaces.  In violation

of the ADA, Defendant has not designated any accessible parking spaces at W34.

11.   **<u>W35</u>**

    (a)    At UW's W35, there are a total number of 80 parking spaces.  Under the

ADA Standards, Defendant must provide at least one (1) van-accessible space.  In violation

of the ADA, Defendant has not designated any van-accessible spaces at W35.  Defendant

has violated the ADA by time limiting the signage on one of the accessible parking spaces

from the hours of 7am to 9pm. Outside those hours anyone can use the accessible parking space. Further, only one sign is shared for two of the spaces rather than one for each space. Defendant has violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:19 at W35. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance and Defendant has also violated the ADA by not providing all of the accessible spaces on the shortest possible route from the parking to an entrance.



(b)



(c)

12.  **<u>W40</u>**

(a)     At UW's W40, there are a total number of 40 parking spaces. Under the ADA Standards, Defendant must provide at least one (1) van-accessible space and one (1) regular accessible space. In violation of the ADA, Defendant has not designated any van-

accessible spaces and only one regular accessible space at W40.  Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:32 at W40. Defendant has violated the ADA by failing to provide any required accessible parking signage. Defendant has violated the ADA by time limiting the signage on the one accessible parking space from the hours of 7am to 9pm. Outside those hours anyone can use the sole accessible parking space at W40.



(b)

13. **W41**

(a)      At UW's W41, there are a total number of 34 parking spaces.  Under the ADA Standards, Defendant must provide at least one (1) van-accessible space and one (1) regular accessible space.  In violation of the ADA, Defendant has not designated any van-accessible spaces and two (2) regular accessible space at W41.  Defendant has also violated the ADA by failing to provide a slope for accessible parking spaces and access aisles no steeper than 1:50 in all directions. Slopes are as steep as 1:9 at W41. Defendant also has failed to provide an accessible route from the access aisle to the nearest accessible entrance

and Defendant has also violated the ADA by not providing all of the accessible spaces on the shortest possible route from the parking to an entrance.

14.    **W42**

(a)    At UW's W42, there are a total number of 13 parking spaces.  In violation of the ADA, Defendant has not designated any accessible parking spaces at W42.

15.    **W45**

(a)    At UW's W45, there are a total number of 503 parking spaces.  Under the ADA Standards, Defendant must provide at least nine (8) regular accessible spaces and two (2) van-accessible spaces.  In violation of the ADA, Defendant has designated at W10 only three (3) regular accessible spaces and no van-accessible space.  Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for the accessible parking spaces. Defendant has violated the ADA by failing to provide the required access aisle adjacent to one accessible parking space. Defendant has violated the ADA by providing an accessible route ramp with a slope of 1:6. A slope steeper than 1:8 is not allowed per the 1991 ADA Standards.

16.    **W46**

(a)    At UW's W46, there are a total number of 213 parking spaces.  In violation of the ADA, Defendant has designated no van-accessible spaces. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for most of the accessible parking spaces. Defendant has violated the ADA by failing to provide the required access aisle adjacent to most of the accessible parking

spaces. Defendant has violated the ADA by providing an accessible route ramp with a slope of 1:6 and a width of 34 inches.



(b)



(c)



(d)

17.   **<u>W51</u>**

(a)   At UW's W51, there are a total number of 125 parking spaces. Defendant has violated the ADA by failing to provide required accessible parking signage at a minimum height of 60 inches for the accessible parking spaces.



(b)