# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ERIK TWEDE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF WASHINGTON, <br><br> Defendant. | CASE NO. C16-1761JLR <br><br> ORDER DENYING STIPULATION TO EXTEND CASE SCHEDULE DEADLINES |

Before the court is the parties' stipulated motion to extend the deadline for expert rebuttal testimony to February 6, 2018, and the discovery cutoff to February 27, 2018. (Stip. Mot. (Dkt. # 44).) The parties request an extension of the expert rebuttal deadline and the discovery cutoff "to conserve resources pending the Court's forthcoming decision" on Defendant University of Washington's ("UW") motion to dismiss. (*Id.* at 1; *see also* MTD (Dkt. # 32).) The court recently granted a similar stipulated motion extending the expert rebuttal testimony deadline to January 16, 2018, and the discovery cutoff to February 6, 2018. (12/15/17 Order (Dkt. # 43).) The court has considered the

present motion and, as described below, GRANTS in part and DENIES in part the parties' stipulated motion.

The problem with the parties' present request is that the dispositive motions deadline is February 20, 2018. (*See* Sched. Order (Dkt. # 15) at 1.) The court issues scheduling orders setting the trial and related dates to provide a reasonable schedule for the resolution of disputes. The court generally sets the discovery cut-off approximately 30 days prior to the deadline for filing dispositive motions. This ensures that the court has a complete record before it when it considers a motion that could potentially dispose of the case. Second, the schedule generally provides approximately 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period takes into account: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *see id*. at LCR 7(b)(5). Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan accordingly for trial or an alternate resolution. Further, by extending the discovery deadline beyond the dispositive motions deadline, the court risks ruling on summary judgment in the absence of a complete record. Thus, the court is unwilling to steal time from this 90-day period to provide additional discovery time for the parties.

Nevertheless, the court is not without some flexibility with respect to the parties' case schedule. The court is willing to extend the rebuttal expert witness deadline to February 6, 2018, because this date is consistent with the revised discovery cutoff of

February 6, 2018 (*see* 12/15/17 Order) and still two weeks prior to the dispositive motions deadline of February 20, 2018 (*see* Sched. Order). Therefore, the court grants this request. The court is unwilling, however, to move the discovery cutoff to February 27, 2018, because this date falls after the February 20, 2018, dispositive motions deadline. Therefore, the court denies this request. Accordingly, the court GRANTS in part and DENIES in part the parties' stipulated motion (Dkt. # 44) as described herein.

Dated this 11th day of January, 2018.

JAMES L. ROBART
United States District Judge