HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10
11
12
13
14
15

| ERIK TWEDE, BARRY LONG, OLIVIA WILLIAMS, | NO. 2:16-cv-01761-JLR |
|---|---|
| Plaintiffs, | **STIPULATED MOTION AND FINAL JUDGMENT AND ORDER APPROVING CONSENT DECREE** |
| v. | |
| UNIVERSITY OF WASHINGTON, | Note on Motion Calendar: May 2, 2018 |
| Defendant. | |

16
## STIPULATION

17    The parties to this action, by and through their undersigned counsel, have settled this

18    matter in its entirety on the terms and conditions set out in the Consent Decree attached hereto.

19    The parties hereby stipulate and move for entry of the Consent Decree, in the form attached

20    hereto as Exhibit A, and further move for the entry of final judgment.   Plaintiffs' motion for

21    attorneys' fees will be filed in accordance with Fed.R.Civ.P. 54(d)(2).

22    DATED this 2nd day of May, 2018.

23
24
25
26

STIPULATED FINAL JUDGMENT AND ORDER
APPROVING CONSENT DECREE - 1
2:16-CV-01761-JLR

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1
2    PFAU COCHRAN VERTETIS AMALA PLLC    GARVEY SCHUBERT BARER

3    By  *s/Darrell L. Cochran*                    By  *s/ David R. West*
4        Darrell L. Cochran, WSBA #22851              Seth J. Berntsen, WSBA #30379
         Christopher E. Love, WSBA #42832             David R. West, WSBA # 13680
5        Kevin M. Hastings, WSBA #42316               Special Assistant Attorney General
         911 Pacific Avenue, Suite 200                1191 Second Avenue, 18th Floor
6        Tacoma, WA 98402                             Seattle, WA 98101-2939
7        Phone: (253) 777-0799                        Phone: (206) 464-3939
         Fax: (253) 627-0654                          Fax: (206) 464-0125
8        Email: darrell@pcavalaw.com                  Email: Sberntsen@gsblaw.com
         Email: chris@pcvalaw.com                     Email: Drwest@gsblaw.com
9        Email: kevin@pcvalaw.com                     *Attorneys for Defendant*

10   By  *s/Conrad Reynoldson*
11       Conrad Reynoldson, WSBA No. 48187
         WASHINGTON CIVIL AND
12       DISABILITY ADVOCATE
         3513 NE 45th Street, Suite G
13       Seattle, WA  98105
         Phone: (206) 855-3134
14       Email: conrad@wacda.com

15       *Attorneys for Plaintiffs*
16

17                        **ORDER AND FINAL JUDGMENT**

18          **BASED ON THE FOREGOING STIPULATION, IT IS HEREBY ORDERED,**

19   **ADJUDGED AND DECREED AS FOLLOWS:**

20          1.      For purposes of this Judgment and Order, the Court adopts the definitions set

21   forth in the Consent Decree attached hereto as Exhibit A.

22          2.      The Court has jurisdiction over the subject matter of this action and the Parties.

23          3.      The Court hereby approves the settlement of this matter as reflected by the

24   Consent Decree, and hereby approves the Consent Decree.

25          4.      The Consent Decree shall be entered as an order of the Court.

26

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington  98101-2939*
*206 464 3939*

1      5.      In accordance with the terms of the Consent Decree attached hereto as Exhibit

2   A, the Court retains exclusive and continuing jurisdiction over the Parties and the Consent

3   Decree throughout the Term of the Consent Decree, for the purpose of supervising the

4   implementation, enforcement, construction and interpretation of the Consent Decree and this

5   Judgment.   All challenges to and issues arising under the Consent Decree, its terms and

6   implementation, shall be subject to the exclusive and continuing jurisdiction of this Court.

7      IT IS SO ORDERED this 2ND day of _____ May _____, 2018.

8

9                                          _____

                                           HONORABLE JAMES L. ROBART

10                                         United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1  **CERTIFICATE OF SERVICE**

2  I, Dominique Barrientes, hereby certify that on May 2, 2018, I electronically filed the

3  foregoing STIPULATED MOTION AND FINAL JUDGMENT AND ORDER APPROVING

4  CONSENT DECREE with the Clerk of the Court using the CM/ECF system which will send

5  notification of such filing to the following:

6  
Darrell L. Cochran,                                  darrell@pcvalaw.com
7  Christopher E. Love                                  chris@pcvalaw.com
   Kevin M. Hastings                                    kevin@pcvalaw.com
8  Cole Douglas                                         cole@pcvalaw.com
   PFAU COCHRAN VERTETIS AMALA PLLC                     sawes@pcvalaw.com
9  *Attorneys for Plaintiffs*

10 
Conrad Reynoldson                                    Conrad@wacda.com
11 WASHINGTON CIVIL AND DISABILITY
   ADVOCATE
12 
Seth J. Berntsen                                     sberntsen@gsblaw.com
13 David R. West                                        dwest@gsblaw.com
   GARVEY SCHUBERT BARER                                dbarrientes@gsblaw.com
14 *Attorneys for Defendant*

15 

16 SIGNED this 2nd day of May, 2018 at Seattle, Washington.

17 
                              */s/ Dominique Barrientes*
18                             Dominique Barrientes, Legal Assistant
                              GARVEY SCHUBERT BARER
19                            1191 Second Avenue, Suite 1800
                              Seattle, WA 98101-2939
20                            Phone: (206) 464-3939
                              Fax: (206) 464-0125
21                            dbarrientes@gsblaw.com

22 

23 GSB:9399012.2

24 

25 

26 

STIPULATED FINAL JUDGMENT AND ORDER
APPROVING CONSENT DECREE - 1
2:16-CV-01761-JLR

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington  98101-2939*
*206 464 3939*

1

2                                                    HONORABLE JAMES L. ROBART

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
10

11   ERIK TWEDE, BARRY LONG, OLIVIA          NO. 2:16-cv-01761-JLR
     WILLIAMS,                                                         
12
                     Plaintiffs,            [PROPOSED]
13
          v.                                **CONSENT DECREE**
14
     UNIVERSITY OF WASHINGTON,
15
                     Defendant.
16

17                         **I.    INTRODUCTION**

18        1.      Plaintiffs in this matter are Erik Twede, Olivia Williams, and Barry Long

19   (collectively the "Plaintiffs").  Defendant in this matter is the University of Washington (the

20   "University"), a public entity.  The Plaintiffs and the University are referred to in this

21   Consent Decree individually as a "Party" and collectively as the "Parties."

22        2.      Plaintiffs' Complaint (Dkt. 1) asserted claims regarding the University's

23   parking facilities and parking-related services, programs, and activities at its Seattle campus,

24   under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131 -

25

26
                                                      

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

          **EXHIBIT A**

12165; the Rehabilitation Act of 1973, 29 U.S.C. § 794 (collectively, the "Acts"); and the Washington Law Against Discrimination, RCW 49.60.040 ("WLAD").

3.      This Consent Decree is the product of a negotiated settlement among the Parties. The Parties agree that settlement of these matters without further litigation is in their respective interests and in the public interest, and that the entry of this Consent Decree ("Consent Decree") is an appropriate means of resolving these matters finally and completely. This Consent Decree constitutes a comprehensive settlement of all claims actually asserted and those that could have been asserted by the Parties against each other and hereby fully and forever releases any claims any Party may have against the other with respect to the University's parking facilities and parking-related services, programs, and activities, except for claims or disputes arising under the terms of this Consent Decree.   Said settlement is intended to assure to the greatest degree possible that no further lawsuits for similar claims for declaratory and injunctive relief may be maintained at any time during the Term of this Consent Decree, and that the University will not be subject to conflicting judgments regarding compliance with Accessibility Requirements involving the University's parking facilities and parking-related services, programs, and activities throughout the Term of this Decree.   The Parties stipulate to the entry of this Consent Decree to resolve this matter.

4.      For clarification, this Consent Decree (including the above-stated intent regarding declaratory and injunctive relief and conflicting judgments) applies only to those elements and features of the University's Parking Facilities which are contained within the Boundaries of each Parking Facility, and not any elements or features which are located outside the Boundaries of each Parking Facility.

5.      Section titles and other headings contained in this Consent Decree are included for ease of reference and shall have no substantive effect.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

## II.   JURISDICTION AND VENUE

1.     This Court has jurisdiction over Plaintiffs' claims under the Acts pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4), and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b), because the University is located within this District and the acts or omissions complained of occurred in this District.

3.     The Court shall, and hereby does, retain jurisdiction of this Action during the Term of the Consent Decree, as set forth herein, for the purpose of entering all orders that may be necessary or appropriate to enforce, implement, modify or terminate the provisions of this Consent Decree.

## III.   DEFINITIONS

As used in this Consent Decree, the following terms have the following definitions:

1.     "2010 ADA Standards" means the standards set forth in the 2010 Americans with Disabilities Act Standards for Accessible Design, codified at 28 C.F.R. § 35.151 and 36 C.F.R. part 1191, and Appendices B and D.

2.     "Accessibility Requirements" means all requirements of the ADA, the 2010 ADA Standards, the Rehab Act, and the WLAD applicable to the Parking Facilities.

3.     "Accessible" means a condition or set of conditions that comply with the Accessibility Requirements.

4.     "Action" means this proceeding.

5.     "Acts" has the meaning set out on page 2 of this Consent Decree.

6.     "Americans with Disabilities Act" or "ADA" means the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., including the 2010 ADA Standards.

7.     "Best Efforts" means the efforts a reasonable entity in the University's position would use to perform that obligation in good faith.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

8.    "Boundary" means, with regard to any Parking Facility, a line that marks the outer limit of the area of the Parking Facility.    With regard to a Parking Facility that directly abuts another building or facility, the Boundary of the Parking Facility is at the accessible entrance of the other facility (i.e. opening(s) or door landing(s)), but does not include any threshold, door, or entrance feature which is part of the other building or facility.    With regard to a Parking Facility that does not directly abut another building or facility, the Boundary of the Parking Facility is the accessible pedestrian entrance(s) to that Parking Facility, and all sidewalks, paths or other routes beyond the accessible pedestrian entrance(s) to that Parking Facility are outside the Boundary of the Parking Facility.

9.    "Compliant Facility" means any Parking Facility that meets the Accessibility Requirements. "Compliant Facility" also has the additional meanings set out in Sections V.3.3 – V.3.5 below.

10.    "Compliance Requirements" means the requirements of Sections V.2 below.

11.    "Effective Date" means the date upon which the Consent Decree becomes a final, unappealable judgment of the District Court presiding over this Action.

12.    "Final Compliance" has the meaning set out in Section V.8 below.

13.    "Good Cause" has the meaning set out in Section V.3.1 below.

14.    "Judgment" means a judgment entered by the District Court in this Action, substantially in the form attached to this Consent Decree as Exhibit A, which, among other things, fully approves this Consent Decree and retains the District Court's jurisdiction to enforce the Consent Decree throughout its term.

15.    "Parking Facility" means those parking facilities (garages and lots) specifically identified in the First Amended Complaint in this action, Dkt. 30, and only refers to and includes those areas, conditions and Accessibility Requirements located inside the Boundaries of a Parking Facility. "Parking Facility" does not include any areas, conditions or

4 of 18



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

Accessibility Requirements located outside of the Boundaries of any Parking Facility, and specifically does not include any Accessibility Requirements pertaining to or arising from any sidewalks, paths or other routes located outside the Boundaries of any Parking Facility.

16.    "Parking Procedures" means those programs, services, activities, policies, and procedures of the University which pertain to Accessible parking in the Parking Facilities.

17.    "Party" and "Parties" have the meaning set out on page 1 of this Consent Decree.

18.    "Plaintiffs" has the meaning set out on page 1 of this Consent Decree.

19.    "Rehab Act" means the Rehabilitation Act of 1973, 29 U.S.C. § 794.

20.    "Term of the Consent Decree" has the meaning set out in Section IV.4 below.

21.    "University" has the meaning set out on page 1 of this Consent Decree.

22.    "UW ADA Coordinator" means the person to be hired by the University in accordance with the terms of Section V.4 below.

**IV.    EFFECTIVE DATE AND DURATION OF CONSENT DECREE**

1.    This Consent Decree and the agreements contained herein shall become effective and binding on the Parties on the Effective Date.

2.    The Consent Decree and the agreements contained herein shall remain in effect until the latter of (1) Final Compliance; or (2) if applicable, the conclusion of any dispute resolution proceedings or action to enforce the Consent Decree.

3.    The period during which the Consent Decree is effective is referred to herein as the "Term of the Consent Decree".

4.    The Consent Decree shall be binding on the Parties and their respective agents and employees.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

## V.    **INJUNCTIVE RELIEF**

1.    <u>Remediation of Noncompliant Parking Facilities.</u>    During the Term of the Consent Decree, the University will take action to remediate the Parking Facilities in order to meet all Accessibility Requirements in accordance with the provisions of this Consent Decree.

2.    <u>Compliance Requirements.</u>

2.1.    No later than September 30, 2020, and subject to the other terms of this Consent Decree, the University will have taken all steps necessary (including completion of remediation work) to make at least a total of thirty-five (35) of the Parking Facilities into Compliant Facilities, one of which shall be the Parking Facility designated as N22.

2.2.    No later than five (5) years from the Effective Date, and subject to the other terms of this Consent Decree, the University will have taken all steps necessary (including completion of remediation work) to make at least a total of forty-three (43) of the Parking Facilities into Compliant Facilities, which may include those Parking Facilities described in the foregoing Section 2.1.

2.3.    No later than ten (10) years from the Effective Date, and subject to the other terms of this Consent Decree, the University will have taken all steps necessary (including completion of remediation work) to provide the number of Accessible parking spaces on its Seattle campus specified in Section 2.3.1 below.

2.3.1.    The number of Accessible parking spaces shall equal the total number of Accessible parking spaces then required by the Acts, their implementing regulations (currently § 208.2 of the 2010 ADA Standards), and the WLAD for all of the Parking Facilities then in use, determined by adding the spaces necessary for all of the Parking Facilities as determined on a facility-by-facility basis, and based upon the total number of parking spaces actually available and in use in the Parking Facilities at that time.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

2.4. No later than fifteen (15) years from the Effective Date, and subject to the other terms of this Consent Decree, the University will have taken all steps necessary (including completion of remediation work) to make a total of seventy-seven (77) of the Parking Facilities into Compliant Facilities, which may include those Parking Facilities described in the foregoing Sections 2.1 and 2.2.

3.    Additional Terms.

3.1. The University shall use Best Efforts to complete work needed to accomplish the Compliance Requirements. The parties recognize and agree that completing the work by these dates may not be possible due to Good Cause. "Good Cause" means unforeseen contingencies outside the University's control and shall include third party proposal, engineering and design development; permit preparation and issuance; environmental reviews; potential cultural heritage and other reviews; weather; significant budget hardship; and other unforeseen contingencies.

3.2. Plaintiffs and the University may agree in writing to extend the applicable Compliance Requirements specified above, in which case the parties will jointly petition the Court for relief from the Consent Decree. Plaintiffs will not unreasonably refuse to stipulate to requested extensions, so long as such requests are made in writing by the University to Plaintiffs no less than six months in advance of any Compliance Requirement deadline, the University demonstrates due diligence in attempting to meet the Compliance Requirement deadlines, and the University demonstrates Good Cause exists.

3.3. Any Parking Facility that is taken out of service as a parking facility on a permanent basis by the University for any legitimate operational reason, or is no longer under University management or ownership (including use of the Facility for some other purpose or retirement of a Facility due to age/life cycle) will be deemed a Compliant Facility and will count toward the Compliance Requirements.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

3.4.    Any Parking Facility that is taken out of service on a temporary basis by the University for any legitimate operational reason (to include use of the lot for some other purpose such as construction staging) will be deemed a Compliant Facility and will count toward the Compliance Requirements during the time period the facility is out of service.

3.5.    Any Parking Facility that is not needed for program access at the University will be deemed a Compliant Facility and will count toward the Compliance Requirements so long as the University demonstrates that accessible parking spaces that would otherwise be required in that Parking Facility to provide access to University programs, services or activities are provided in other lots or facilities which provide equal or greater access and convenience for disabled users to the programs, services, or activities served by that Parking Facility.

        3.5.1.  For any such Parking Facility, the University shall demonstrate such Compliance by submitting a program access analysis for that Parking Facility to Plaintiffs that reasonably substantiates that the alternative parking offered by the University results in equal or greater access to the programs, services, or activities served by that Parking Facility and convenience for disabled users.

        3.5.2.  Plaintiffs will review any such program access analysis provided by the University and provide any objections to the University within thirty (30) days.

        3.5.3.  Plaintiffs will not unreasonably object to the University's determination of Compliance if the University complies with Section 3.5.1.

        3.5.4.  If the parties are unable to resolve any objections Plaintiffs make to the University's determinations, the Parties will meet and confer in person.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

If in-person meetings do not resolve the matter, the Parties will proceed to mediation with a mediator jointly selected by all Parties.

    3.5.5.  If mediation is unsuccessful, then any Party may within 30 days thereafter submit the matter to the Court for determination via a motion, letter, or other submission to the Court.

4.    In a reasonable amount of time, the University will hire a full-time ADA compliance coordinator (the "UW ADA Coordinator") to work on campus-wide compliance issues.

5.    During the Term of the Consent Decree, the University will maintain grievance procedures in compliance with 28 C.F.R. § 35.107, and will use Best Efforts to publicize and to distribute information regarding the grievance reporting system.

6.    During the Term of the Consent Decree, the University will use Best Efforts to enforce parking laws, policies, and regulations relating to parking in designated accessible spaces on its Seattle campus, and to issue accessible parking permits only to individuals entitled to them.

7.    During the Term of the Consent Decree, the University shall use Best Efforts to train employees in the Transportation Services Department regarding compliance with the Acts; their implementing regulations; the WLAD; the University's Parking Procedures; and the requirements of this Consent Decree.

8.    The University shall have reached Final Compliance when it has completed the Compliance Requirements of Section V.2.1 through V.2.4.

## VI.    REPORTING AND ENFORCEMENT; OTHER PROVISIONS

1.    <u>Compliance Requirement Reports</u>.  During the Term of the Consent Decree, the Parties will report to the Court regarding the University's progress toward the requirements set out in Section V above on the following dates:



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

1.1. October 31, 2019

1.2. October 31, 2020

1.3. October 31, 2022

1.4. October 31, 2023

1.5. October 31, 2027

1.6. October 31, 2028

1.7. October 31, 2032

1.8. Annually thereafter by October 31 of each year until the Consent Decree is terminated or dismissed.

2.      Annual Determination Reports. During the Term of the Consent Decree, the University will provide Plaintiffs with an annual report setting out the University's determinations (with supporting information) as to which Parking Facilities it intends to remediate, and in which order and in what priority, to meet the Compliance Requirements in good faith.   The report shall be supplied to Plaintiffs no later than January 15 of each year.

2.1. Plaintiffs will review the University's determinations and provide any objections to the University within thirty (30) days.   Plaintiffs may not unreasonably object to the University's determinations where the University supplies Good Cause for its determinations.

2.2. If the Parties are unable to resolve any objections Plaintiffs make to the University's determinations, the Parties will meet and confer in person.   If in-person meetings do not resolve the matter, the Parties will proceed to mediation with a mediator jointly selected by all Parties.

2.3. If mediation is unsuccessful, then any Party may within 30 days thereafter submit the matter to the Court for determination via a motion, letter, or other submission to the Court.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3.     Annual Grievance Reports.  During the Term of the Consent Decree, the University will provide Plaintiffs with an annual report identifying the substance and disposition of any grievances made to the University pursuant to grievance procedures maintained pursuant to Section V.5.  The report shall identify each grievance separately; will provide University contact information for University personnel involved in the grievance; will include the substance of the grievance; and detail the University's resolution of each grievance.

4.     Annual Compliance Reports.  Within six (6) months of the Effective Date, and annually thereafter during the Term of this Consent Decree, the University will submit a report to Plaintiffs detailing the University's compliance with the requirements of Section V of this Decree.

5.     Remediation Plan Compliance Pre-Approval.   At its option, the University may provide remediation plans for specific Parking Facilities to Plaintiffs for review and approval prior to the work described in the plans taking place.

> 5.1. Plaintiffs shall review any plans so provided and provide any objections regarding any noncompliance with Accessibility Requirements to the University within thirty (30) days.
>
> 5.2. If Plaintiffs affirmatively approve a plan submitted by the University, or if Plaintiffs do not object to a plan submission, and in either case the work is performed substantially in compliance with the submitted plan, the work will be deemed to comply with the Accessibility Requirements.
>
> 5.3. If the Parties are unable to resolve any objections Plaintiffs make to any plan regarding a particular Accessibility Requirement, the Parties will meet and confer in person.  If in-person meetings do not resolve the matter, the Parties will proceed to mediation with a mediator jointly selected by all Parties.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

5.4. If mediation is unsuccessful, then any Party may within 30 days thereafter submit the matter to the Court for determination via motion, letter, or other submission to the Court.

6.    Post-Work Approval Process.   Alternatively, when the University believes that a specific Parking Facility is a Compliant Facility, the University will provide to Plaintiffs a report with sufficient documentation to demonstrate the Parking Facility meets the relevant Accessibility Requirements, including photographs, surveys, measurements, ADA expert reports and findings, and other data underlying the report.

6.1. Plaintiffs shall review any reports so provided and provide any objections to the University within thirty (30) days.   If Plaintiffs do not object, the Parking Facility will be deemed a Compliant Facility.

6.2. If the Parties are unable to resolve any objections Plaintiffs make, the Parties will meet and confer in person.   If in-person meetings do not resolve the matter, the Parties will proceed to mediation with a mediator jointly selected by all Parties.

6.3. If mediation is unsuccessful, then any Party may within 30 days thereafter submit the matter to the Court for determination via a motion, letter, or other submission to the Court.

7.    Approval Via Use of Joint Expert.   Alternatively, as to any particular Parking Facility, the Parties may jointly elect and agree to employ a third party expert unaffiliated with any Party to assist in the development and approval of remediation plans, and to inspect the Parking Facility after work is completed to determine if the facility is a Compliant Facility. The Parties must jointly agree on any expert to be employed and must jointly agree to employ the expert for any specific Parking Facility.   Use of a joint expert as to any Parking Facility will not require the parties to agree to use of a joint expert for any other Parking



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Facility.   If the third party expert certifies that that the Parking Facility is a Compliant Facility after work is completed and after consultation with the Parties, then that certification shall be conclusive.

8.      Enforcement.   This Consent Decree shall be enforceable as an injunction.   If any Party believes that this Consent Decree or any portion of it has been violated, or if any Party wishes to seek relief from the Court pertaining to the Consent Decree, said Party will follow the following procedures:

8.1. The Party asserting a violation or seeking relief shall give written notice (including reasonable particulars and identification of the relief sought) to the other Parties.

8.2. The other Parties shall respond to any notice in writing (including reasonable particulars) as soon as practicable, but no later than thirty (30) days after receipt of the original notice.

8.3. If the notice asserts that a violation has occurred, the allegedly violating Party shall have thirty (30) days to cure such violation.   If the Parties stipulate that the violation has been cured in that time period, the matter will be considered to be concluded.

8.4. If the parties are unable to resolve the issues raised by the notice after receipt of the other Parties' response and/or any cure period, the Parties shall meet and confer in person.   If in-person meetings do not resolve the matter, the Parties will proceed to mediation with a mediator jointly selected by all Parties.

8.5. If mediation is unsuccessful, then any Party may within thirty (30) days thereafter submit the matter to the Court for determination via a motion, letter, or other submission to the Court.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

13 of 18

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

8.6. Failure by any Party to enforce this Decree, or any part of it, pursuant to its

terms with respect to any instance or provision will not be construed as a

waiver to enforce the Decree with regard to any other instances or provisions.

### VII.   FEES, COSTS, AND REPRESENTATIVE PAYMENTS

1.      The University agrees to pay Plaintiffs $202,048.87 for expert fees and costs

and $20,345.68 for other litigation costs within thirty (30) days of the Effective Date.

2.      The Parties agree that Plaintiffs are the prevailing party in this matter and are

entitled to recovery from the University of their reasonable attorney fees (excluding the expert

fees and costs and other litigation costs paid pursuant to Section VII.1) associated with this

matter.   The parties will negotiate that amount, but if negotiation is unsuccessful, the parties

will present the matter to the Court for determination.

3.      The University agrees to pay to the individual Plaintiffs for the time, effort,

and risk they took in bringing the injunctive relief claims of this action representative

payments of $5,000 each.   Said payments will be made within thirty (30) days of the

Effective Date.

4.      Plaintiffs may recover their reasonable attorney fees and costs associated with

work performed pursuant to Sections V and VI of this Consent Decree during the Term of the

Consent Decree.

4.1. On a quarterly basis, Plaintiffs shall submit to the University a statement of

reasonable attorneys' fees, expenses and costs as they are incurred for the

work described above.   Each statement shall be supported by a description of

services by date and by biller.

4.2. The University shall review each statement, and shall pay those amounts it

determines were reasonably incurred, within thirty (30) days of the date of

receipt of the statement.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

4.3. Any objection or dispute regarding any amount claimed shall be resolved in

      accordance with the dispute resolution procedures set forth in Sections VI.2.2

      – VI.2.3 above.

## VIII.   RELEASE AND DISMISSAL

1.     Plaintiffs, on behalf of themselves and their respective heirs, assigns,

successors, executors, administrators, agents and representatives ("Releasing Parties"), hereby

fully and finally release, acquit and discharge the University, effective as of the Effective

Date, from any and all claims, allegations, demands, charges, complaints, actions, lawsuits,

rights, liabilities, losses, injuries, obligations, disputes and causes of action of any kind, and

whether known or unknown, suspected or unsuspected, asserted or unasserted, or actual or

contingent, for injunctive, declaratory, or other non-monetary relief, however described, that

were brought, could have been brought, or could be brought now or in the future by the

Releasing Parties relating to or arising from any of the University's alleged actions,

omissions, incidents, or conduct related to the parking facilities and parking-related services,

programs, and activities prior to the Effective Date and through the end of the Term of the

Consent Decree (the "Released Claims").   Such Released Claims, however, shall not include

any claims to enforce the terms of the Consent Decree or any claims for relief arising from the

University's violation of any term of the Consent Decree.

## IX.   MISCELLANEOUS PROVISIONS

1.     All notices or other materials to be served to any Party shall be sent by

overnight delivery (other than the United States Postal Service), and by email.   Notice shall

be deemed to have been made upon receipt of the overnight delivery.   Notices shall be sent to:

To Plaintiffs:

Darrell Cochran
Pfau Cochran Vertetis Amala, PLLC
911 Pacific Avenue Ste. 200
Tacoma, WA 98402
darrell@pcvalaw.com



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

and to:

Conrad Reynoldson
Washington Civil Disability Advocate
3513 NE 45th Street, Suite G
Seattle, WA  98105
conrad@wacda.com

To the University:

Shari Spung
Director, Claim Services
Roosevelt Commons West, Box 354964
4300 Roosevelt Way NE
Seattle, WA  98195
206-616-3455
sspung@uw.edu

And to:

Seth J. Berntsen
David R. West
Garvey Schubert Barer
1191 Second Ave., 18th Floor
Seattle, WA  98101
sberntsen@gsblaw.com
drwest@gsblaw.com

2.      Any Party may change the notification addresses or the persons to whom

notification is to be sent on behalf of said Party by providing thirty (30) days' notice of such

change to all other Parties.

3.      The signatories represent that they have the authority to bind the respective

Parties identified in Section I to the terms of this Decree.

4.      If any due date or other deadline under this Consent Decree falls on a Saturday,

Sunday, or legal holiday, such due date or other deadline shall be extended to close of

business on the next business day.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

5.      This Consent Decree represents the entire agreement between Plaintiffs and the University.   No prior agreements, representations, or statements shall be considered part of this Consent Decree.

6.      This Consent Decree will be subject to approval by the District Court. However, nothing in this Consent Decree will be deemed to authorize the District Court to change or modify any of its terms in connection with the initial adoption of the Consent Decree and approval of the Parties' settlement.   Any change, modification or rejection of any of the provisions of this Consent Decree by the District Court or any other court in connection with its initial adoption and approval by the District Court will constitute a material modification of this Consent Decree, and will give any Party the right to terminate the Consent Decree in its entirety.  The District Court shall retain the authority to modify the Consent Decree after it is initially adopted and approved if circumstances warrant.

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated this 2ᴺᴰ day of _____ May _____, 2018.

HONORABLE JAMES L. ROBART
United States District Court Judge



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Presented by:

PFAU COCHRAN VERTETIS AMALA
PLLC

GARVEY SCHUBERT BARER

By _s/Darrell L. Cochran_
Darrell L. Cochran, WSBA #22851
Christopher E. Love, WSBA #42832
Kevin M. Hastings, WSBA #42316
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799
Fax: (253) 627-0654
Email: darrell@pcvalaw.com
Email: chris@pcvalaw.com
Email: kevin@pcvalaw.com

By _s/David R. West_
Seth J. Berntsen, WSBA #30379
David R. West, WSBA # 13680
Special Assistant Attorneys General
1191 Second Avenue, 18th Floor
Seattle, WA 98101-2939
Phone: (206) 464-3939
Fax: (206) 464-0125
Email: Sberntsen@gsblaw.com
Email: Drwest@gsblaw.com
_Attorneys for Defendant_

By _s/Conrad Reynoldson_
Conrad Reynoldson, WSBA No. 48187
WASHINGTON CIVIL AND DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
Phone: (206) 855-3134
Email: conrad@wacda.com

_Attorneys for Plaintiffs_

GSB:9331511.8

18 of 18



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654